# UNITED STATES DISTRICT COURT
# NORTHEN DISTRICT OF ILLINOIS

## CASE NO.:

JAMES MCKNIGHT,

    Plaintiff,

vs.

ALLBRIGHT CONSTRUCTION, LLC,
D/B/A GREEN DAY CONSTRUCTION and
SCOTT ALLBRIGHT,

    Defendants.

_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, JAMES MCKNIGHT, (hereinafter, "Plaintiff"), through counsel, sues Defendants, ALLBRIGHT CONSTRUCTION, LLC., D.B.A. GREEN DAY CONSTRUCTION and SCOTT ALLBRIGHT, (hereinafter, "Defendants") and alleges the following:

## THE PARTIES

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendant's failure to pay overtime pay to Plaintiffs for all time worked in excess of forty (40) hours in one or more individual workweeks and retaliatory discharge under FLSA as well as the Illinois Whistleblower Act, Illinois Whistleblower Act, 740 ILCS 174, Et, Seq.

2. Plaintiff resides in and is domiciled within this judicial district.

3. Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS § 105/3(d).

4. Defendants were Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), IMWL, 820 ILCS § 105/3(c) and the Illinois Whistle Blower Act, (740 ILCS 174.

5. Defendant, ALLBRIGHT CONSTRUCTION, LLC., D.B.A. GREEN DAY CONSTRUCTION, is an Illinois limited liability corporation with its principal place of business located within this judicial district.

6. Defendant, ALLBRIGHT CONSTRUCTION, LLC., D.B.A. GREEN DAY CONSTRUCTION is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7. At all times material hereto, Defendant, SCOTT ALLBRIGHT, was a resident of the State of Illinois and was, and now is, the managing agent, director and/or owner of Defendant, ALLBRIGHT CONSTRUCTION, LLC., D.B.A. GREEN DAY CONSTRUCTION, said Defendant acted and acts directly in the interests of the Defendant, ALLBRIGHT CONSTRUCTION, LLC., D.B.A. GREEN DAY CONSTRUCTION, in relation to said co-Defendant's employees. Defendant, SCOTT ALLBRIGHT, effectively dominates ALLBRIGHT CONSTRUCTION, LLC., D.B.A. GREEN DAY CONSTRUCTION, administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, Defendant, SCOTT ALLBRIGHT, was an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

8. At all times material hereto, Defendants were engaged in commerce by performing construction and maintenance work for customers, and as part of its operations, caused its

employees, including Plaintiff, to handle materials and further utilized equipment and/or tools that were manufactured in other states and had moved in interstate commerce.

9. Plaintiff was employed by Defendants from on or about January 15, 2016, through on or about December 20, 2016. Plaintiff was an hourly maintenance worker who was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §201, *et seq.* or the minimum wage/overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. Plaintiff earned a pay rate of $17.00 per hour.

10. Throughout his employment with Defendants, Plaintiff worked an average of approximately 60 hours per week and was only compensated a straight-time rate for all hours worked in excess of 40 hours per week. Plaintiff never received an overtime rate for hours worked in excess of 40 hours per week throughout his employment with Defendants.

## **JURSDICTION AND VENUE**

11. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME WAGES**
**(ALL DEFENDANTS)**

Plaintiff reavers and realleges Paragraphs 1 through 11, as if fully set forth herein.

12. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) half time overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

13. From on or about January 15, 2016 through December 21, 2016, Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all time worked in excess of 40 hours in individual work weeks.

14. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff all time worked in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants, jointly and severally as follows:

   A. A judgment in the amount of one and one-half times hourly wage rate for all time which Plaintiff worked in excess of 40 hours per week;

   B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found to be due;

   C. Reasonable attorney's fees;

   D. Costs incurred in filing this action; and

   E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW – OVERTIME WAGES
## (ALL DEFENDANTS)

Plaintiff reavers and realleges Paragraphs 1 through 14, as if fully set forth herein.

15. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

16. The matters set forth in this Count arise from Defendants violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

17. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times the regular hourly rate of pay for all time worked in excess of 40 hours in individual work weeks.

18. Defendants violated the IMWL by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time he worked in excess of 40 hours in one or more individual workweeks.

19. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants, joint and severally as follows:

    A.    A judgment in the amount of one and one-half times hourly wage rate for all time which Plaintiff worked in excess of 40 hours per week;

    B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a)

    C.    Reasonable attorney's fees;

    D.    Costs incurred in filing this action; and

    E.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
## **VIOLATION OF ANTI-RETALIATION PROVISION OF FLSA**
## **(ALL DEFENDANTS)**

20. Plaintiff reavers and realleges paragraphs 1-14 herein.

21. On or about November 18, 2016, Plaintiff complained/objected to Defendants' practices of unlawfully failing to pay the appropriate overtime pay and that he intended to file a lawsuit to collect his overtime pay.

22. In response to Plaintiff's objections and protestations, Defendants on or about December 21, 2016 retaliated against Plaintiff and fired Plaintiff under pre-textual grounds in violation of 29 U.S.C. sections 215(a)(3).

WHEREFORE, Plaintiff, JAMES MCKNIGHT demands judgment against all Defendants jointly and severally including but not limited to back and front pay, lost benefits and other

remuneration and an additional equal amount as liquidated damages (see 29 U.S.C. § 216(b)), appropriate equitable relief (e.g., employment, reinstatement, promotion), award of cost, fees and such other remedy as the court deems just and appropriate.

## COUNT IV
## ILLINOIS WHISTLEBLOWER ACT VIOLATION
## (ALL DEFENDANTS)

23. Plaintiff reavers and realleges paragraphs 1 through 14 and 21-22 as if fully set forth herein.

24. Defendants' referenced unlawful retaliatory personnel action towards Plaintiff after raising objections/protesting the unlawful activity of Defendants is in violation of the Illinois' Whistleblower Act, 740 ILCS 174(20).

25. As a direct and proximate result of Defendant's violation of the Whistleblower Act, Plaintiff has suffered losses and will suffer losses including, but not limited to, loss of wages, benefits, other remuneration and emotional distress.

WHEREFORE, Plaintiff seeks judgment against all Defendants jointly and severally for back and front pay, lost benefits and other remuneration, compensatory damages, appropriate equitable relief, and award of cost, fees and expenses under 740 ILCS 174(30).

Respectfully submitted,

Goldberg & Loren, P.A.
James M. Loren, Esquire
1700 Park Street, Suite 103
Naperville, IL 60563
Phone:    (954) 585-4878 x 2107
Facsimile: (954) 585-4886
E-Mail: JLoren@goldbergloren.com

*/s/ James M. Loren*
_____
James M. Loren, Esquire
Attorneys for Plaintiff